UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TIMOTHY CARTWRIGHT, et al.,

                     Plaintiffs,                   **DECISION AND ORDER**

   -against-                                         19-cv-10853 (AEK)

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

       Plaintiffs Timothy, Patricia, Joseph, and Tara Cartwright (collectively, "Plaintiffs") bring this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner"), which denied the application of Timothy Cartwright ("Cartwright") for disability insurance benefits upon redetermination. ECF No. 1 ("Complaint"). The Commissioner has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the grounds that (1) the complaint is barred by the time limitation specified in section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g); (2) Plaintiffs' challenges to the redetermination procedures fail to state a claim; and (3) Plaintiffs have failed to exhaust their administrative remedies with respect to their request that the collection of the overpayments of disability benefits that had previously been awarded should be waived. ECF Nos. 20-24.

---

[1] The parties originally consented to the jurisdiction of Magistrate Judge Lisa Margaret Smith for all purposes pursuant to 28 U.S.C. § 636(c) on March 6, 2020. ECF No. 15. The case was reassigned to the undersigned on October 15, 2020.

Because the Complaint was untimely filed, the Commissioner's motion is GRANTED, the case is dismissed with prejudice, and the Clerk of the Court is respectfully directed to enter judgment in favor of the Commissioner.[2]

## I. BACKGROUND

The following are the relevant facts for purposes of this decision.

On August 13, 2018, Administrative Law Judge ("ALJ") Dale Black-Pennington issued a decision on redetermination of Plaintiff Timothy Cartwright's claim for disability insurance benefits, finding that Cartwright was not disabled during the relevant time period of March 29, 1996 to September 24, 1998. Compl. Ex. A ("ALJ's Decision"). As set forth in the ALJ's Decision, Cartwright had initially been granted benefits in an earlier decision by a different ALJ issued on September 24, 1998, "but suspicion of fraud ha[d] necessitated a redetermination." Id. at 1.[3] ALJ Black-Pennington explained that a criminal investigation by the New York County District Attorney's Office and the Office of the Inspector General of the Social Security Administration ("SSA") had resulted in the criminal indictment of Raymond Lavallee, among others, for his involvement in "a scheme to make false statements or other representations to the Social Security Administration in order to obtain fraudulent benefits for others." Id. Furthermore, the District Attorney's Office "referred [Cartwright's] case to SSA as one where Mr. Lavallee was the beneficiary's attorney representative and the facts of the case are similar to those involved in the fraudulent scheme." Id. Cartwright's file "contain[ed] evidence from one

---

[2] Because the Complaint is being dismissed on this basis, the Court need not and does not address the remaining arguments in the Commissioner's motion to dismiss.

[3] As noted in the ALJ's Decision, Section 205(u) of the Act requires a redetermination of an individual's entitlement to disability insurance benefits when "there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits . . . ." 42 U.S.C. § 405(u).

or more of the convicted individuals regarding a mental impairment(s) alleged in the case that SSA used to find the beneficiary disabled." Id.  ALJ Black-Pennington stated that "[b]y law, SSA was not able to consider" any evidence dated between January 1, 1988 and December 18, 2013 regarding a mental impairment submitted by Lavallee or "any medical evidence from two psychiatrists identified by the DA as participating in the alleged scheme:  Dr. Edward Sodaro and Dr. Raymond Pierre-Paul." Id.  Dr. Pierre-Paul was Cartwright's treating psychiatrist.  See Compl. ¶ 2.  Having considered "all remaining evidence that related to the period on or before the original allowance date," ALJ Black-Pennington "determined that there was insufficient evidence supporting a finding of disability as of September 24, 1998." ALJ's Decision at 2.  Consequently, the ALJ's Decision terminated Cartwright's disability insurance benefits and stated that the SSA "will treat the benefits the beneficiary previously received as overpayments." Id.

On September 18, 2018, following the issuance of the ALJ's Decision, the SSA sent Cartwright and each of his family members a notice of change in benefits, informing them that the SSA was stopping their benefits and assessing overpayments.  See Compl. ¶¶ 4-5 & Ex. C.

Cartwright submitted a request for review of the ALJ's Decision to the Appeals Council, and on September 17, 2019, the Appeals Council denied the request for review, making the ALJ's Decision the final decision of the Commissioner.  Compl. Ex. B ("Appeals Council Decision").  The Appeals Council Decision, which was addressed to Cartwright, states that Cartwright has "60 days to file a civil action (ask for court review)," that "[t]he 60 days start the day after you receive this letter," and that the SSA "assume[s] you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." Id. at

3

4. Plaintiffs filed this action on November 22, 2019, and the Complaint is dated November 22, 2019.  ECF No. 1 at 30.[4]

## II.   DISCUSSION

The Commissioner moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See ECF No. 20.  Although the Commissioner submitted a number of declarations in support of the motion, see ECF Nos. 22-24, the Court did not need to consider those submissions in analyzing the issue of timeliness that is the basis for this Decision and Order.  The Court therefore did not consider those declarations for any purpose.  Plaintiffs have not submitted any evidence on this issue.  Because the Court is able to decide this issue solely on the pleadings (including the exhibits attached to the Complaint), it treats the motion as a motion to dismiss pursuant to Rule 12(b)(6).

### A.  Applicable Legal Standards

#### 1.  Standard for a Motion to Dismiss

"A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion."  Ramos v. Saul, No. 19-cv-1718 (GBD) (JLC), 2020 WL 413608, at *2 (S.D.N.Y. Jan. 27, 2020) (quotation marks omitted).  "Rule 12(b)(6) provides the most appropriate legal basis for a motion to dismiss on statute of limitations grounds because expiration of the statute of limitations presents an affirmative defense."  Id. (quotation marks omitted).  In deciding a Rule 12(b)(6) motion, a court "must accept all factual allegations in the complaint as true, and draw all

---

[4] Due to a filing error, the Complaint was re-filed on November 26, 2019, ECF No. 3, but the relevant filing date for purposes of this motion is November 22, 2019.

reasonable inferences in the plaintiff's favor." Beter v. Murdoch, 771 Fed. App'x 62, 63 (2d Cir. 2019) (summary order). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable, LLC, 622 F.3d 104, 111 (2d Cir. 2010). Even where a document is not incorporated by reference, the court may still consider it where the complaint "relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Id. (quotation marks omitted).

### 2. Statute of Limitations Applicable to Judicial Review of Social Security Claims

Judicial review of decisions regarding Social Security claims is governed by 42 U.S.C. § 405(g), which states, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405(g). Pursuant to this statutory grant of authority to allow "further time," the Commissioner issued a regulation extending a plaintiff's time to file to "60 days after . . . notice of the decision by the Appeals Council is received." 20 C.F.R. § 422.210(c). Accordingly, "[r]ather than commencing on the date notice of decision is mailed to the claimant, the sixty day period starts from the time notice is received by the claimant." Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984) (emphases in original). Receipt of an Appeals Council decision is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); Matsibekker, 738 F.2d at 81. Therefore, the presumption is

5

that "[t]he claimant . . . has 65 days from the date of a final decision notice to file suit." Velez v. Apfel, 229 F.3d 1136, 1136 (2d Cir. 2000) (summary order).

"Because the limitations period is a condition to the government's waiver of sovereign immunity, the limitations period must be strictly construed. For this reason, failure to file a complaint within the statutory limitation most often requires dismissal of the case." Sherwood v. Berryhill, No. 17-cv-5015 (GWG), 2018 WL 4473336, at *4 (S.D.N.Y. Sept. 18, 2018) (quotation marks and citations omitted); see Bowen v. City of New York, 476 U.S. 467, 479 (1986).

The limitations period imposed by 42 U.S.C. § 405(g) also applies to Plaintiffs' purported due process claims here. "Normally, Section 405(h) channels all challenges that 'arise under' the Act through the proper administrative proceedings by forbidding federal suits that have not been administratively reviewed first."[5] Binder & Binder PC v. Barnhart, 481 F.3d 141, 149 (2d Cir. 2007); see 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [federal defendant jurisdiction] of Title 28 to recover on any claim arising under this subchapter [governing the Social Security old-age, survivors, and disability insurance programs]."). "[F]ederal question jurisdiction does not generally lie under section 28 U.S.C. § 1331 for suits brought under the Social Security Act, even if they raise constitutional questions." Binder & Binder PC, 481 F.3d at 149. Although the Second Circuit held that

---

[5] There is no question that Plaintiffs' constitutional claims "arise under" the Act: "[t]hose words clearly apply in a typical Social Security or Medicare benefits case, where an individual seeks a monetary benefit from the agency (say, a disability payment, or payment for some medical procedure), the agency denies the benefit, and the individual challenges the lawfulness of that denial. The statute plainly bars § 1331 review in such a case, irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000).

judicial review is available under 28 U.S.C. § 1331 where "there are no alternative means to review a federal claim arising under the Social Security Act," id., there was a mechanism for relief here—namely, a timely-filed action challenging the ALJ's Decision.  See Justiniano v. Soc. Sec. Admin., 876 F.3d 14, 22-23 (1st Cir. 2017) (finding that due process claims challenging the SSA's exclusion of evidence under 42 U.S.C. § 405(u) in making a redetermination of entitlement to benefits "arise under" the Act and are subject to the exhaustion requirements of § 405(g)).  Thus, Plaintiffs' claim challenging ALJ Black-Pennington's redetermination decision denying Cartwright disability insurance benefits, as well as the claim challenging the SSA's redetermination procedures themselves, both "arise under" the Act and are governed by § 405(g) and its 60-day limitations period.

    **B. Analysis**

    Here, the Appeals Council Decision is dated September 17, 2019, see Compl. Ex. B, and under the applicable regulation, Cartwright is presumed to have received that decision five days later, i.e., September 22, 2019, "unless there is a reasonable showing to the contrary," 20 C.F.R. § 422.210(c).  Absent such a showing, Cartwright's deadline to file his federal court lawsuit was 60 days from the presumptive date of receipt of the Appeals Council Decision, which made the deadline November 21, 2019.  Plaintiffs here did not file their complaint until the next day, November 22, 2019.  See ECF No. 1.  The Commissioner therefore argues that this action is barred by the statute of limitations set forth in 42 U.S.C. § 405(g) because it was filed outside the 60-day limit.  In response, Plaintiffs argue first that the Commissioner "deceptively maintains that since plaintiff filed the complaint sixty-six days post the date of the Appeals Counsel [sic] decision that same is untimely as a matter of law," but "fails to apprise the Court that the sixty days only begin to run five days post the date of the actual denial Order."  Pls.' Mem. at 7.

Plaintiffs further assert that "[t]hen, as if acknowledging that its prior representation was false, defendant states the Complaint was untimely because it was purportedly filed one day late. However, in that sentence where they claim now suddenly the complaint is not six days late but rather one day late, then defendant enlightens the Court that the due date fell on a Sunday, when the Courts were closed and without mail service." Id.

Plaintiffs not only misread the Commissioner's argument, but also misstate the facts. First, the Commissioner does not claim that the limitations period expired on a Sunday; rather, the Commissioner notes that September 22, 2019—the date on which Cartwright is presumed to have received the Appeals Council Decision—was a Sunday. Def.'s Mem. at 11-12. This date does not represent the expiration of the limitations period, but rather the start of that 60-day period. Second, the 60-day limitations period within which Plaintiffs were required to file the Complaint expired on Thursday, November 21, 2019, and the Complaint was instead filed the next day, Friday, November 22, 2019. There is no viable argument that Plaintiffs were unable to file their Complaint timely because the deadline fell on a Sunday.

Plaintiffs make no attempt to rebut the five-day presumption of receipt of the Appeals Council Decision. Instead, they include only a cursory and conclusory allegation that the Complaint "is submitted as timely insofar as it is submitted on the sixtieth (60) day post receipt of the Appeals Counsel [sic] Decision refusing to reopen the matter." Compl. ¶ 7. In theory, this allegation could be read to suggest that Cartwright did not receive the Appeals Council Decision until September 23, 2019, one day beyond the five-day period of presumed receipt, because 60 days from September 23, 2019 is November 22, 2019, the date of the filing of the Complaint. But Plaintiffs do not provide any evidence to support that reading of the Complaint, and "[i]t is well settled that in order to make a 'reasonable showing' to rebut the five-day presumption of

8

receipt, a plaintiff must do more than merely state in a complaint . . . that he or she did not receive an Appeals Council decision within five days." Bickram v. Comm'r of Soc. Sec., No. 18-cv-1160 (KMK) (AEK), 2021 WL 2667033, at *3 (S.D.N.Y. June 9, 2021), adopted by 2021 WL 2665876 (S.D.N.Y. June 29, 2021).  Indeed, in their brief in opposition to the Commissioner's motion, Plaintiff's assert (correctly) that "the sixty days only begin to run **five days post the date of the actual denial Order**."  Pls.' Mem. at 7 (emphasis added).  This accurate framing acknowledges that the 60-day limitations period in fact began to run on September 22, 2019—five days after the September 17, 2019 date of the Appeals Council Decision—and that the November 22, 2019 filing was one day after the limitations period expired.

     Despite the fact that Plaintiffs do not even raise this argument, it is important to note that even though the date of presumptive receipt of the Appeals Council Decision was a Sunday, the start of the limitations period is still that Sunday, rather than the next business day. See, e.g., Pacheco v. Saul, No. 19-1373 (CVR), 2020 WL 7490397, at *4 (D.P.R. Dec. 17, 2020) ("where the fifth day in the presumptive period ends on a Sunday, courts have found that the presumptive period does not extend to the next business day") (citing cases).  Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure provides that "in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time," if the last day of a time period stated in days "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." But the additional five-day grace period for filing a complaint challenging an Agency decision is set forth in an SSA regulation, and not a statute, local rule, or court order.  See 20 C.F.R. § 422.210(c).  Numerous courts have determined that Rule 6(a)(1)(C) does not apply to extend the

grace period—and thereby the start date of the limitations period—to the next business day when the presumptive date of receipt falls on a weekend or legal holiday. See, e.g., Williamson v. Saul, No. 18-cv-02304, (KJM) (CKD), 2019 WL 5721660, at *3 (E.D. Cal. Nov. 5, 2019) (citing cases); Cope o/b/o M.A.R.C. v. Colvin, No. 14-cv-882 (MAD/TWD), 2017 WL 1954926, at *2 (N.D.N.Y. May 11, 2017) ("[N]either 42 U.S.C. § 405(g), nor 20 C.F.R. § 422.201(c), supports the position that, in the event the presumptive five [sic] day for receipt is a Saturday, Sunday, or holiday, the sixty-day limitation period begins to run on the next business day."); Bolden v. Astrue, No. CV 10-5620 (AJW), 2012 WL 13135310, at *3 (C.D. Cal. Apr. 10, 2012) ("[P]laintiff cites no statutory, regulatory, or case authority for separately extending the 5-day period for mailing and presumed receipt of the Appeals Councils [sic] notice if the fifth day of that period falls on a day [on] which mail is not delivered. The 5-day period is not itself a 'limitation period' or 'a period within which an act is required to be done' by a disability benefits claimant.") (citing 42 U.S.C. § 416(j)[6]). Because Rule 6(a)(1)(C) does not extend the presumptive five-day period for receipt of the Appeals Council Decision to the next business day, the presumptive date of receipt of the Appeals Council Decision here was September 22, 2019, and the expiration of the limitations period was 60 days later, on November 21, 2019.

---

[6] This statutory provision, which is entitled, "Periods of limitation ending on nonwork days," states that "[w]here this subchapter . . . or any regulation issued by the Commissioner of Social Security pursuant thereto provides for a period within which an act is required to be done . . . and such period ends on a Saturday, Sunday, or legal holiday, or on any other day all or part of which is declared to be a nonwork day for Federal employees . . ., then such act shall be considered as done within such period if it is done on the first day thereafter which is not a Saturday, Sunday, or legal holiday or any other day all or part of which is declared to be a nonwork day for Federal employees . . . ." 42 U.S.C. § 416(j); see also 20 C.F.R. § 404.3(b) (parallel Social Security regulation). Critically, the presumptive date of receipt is not a date on which any act is required to be done by the claimant—rather, it is the start of a measuring period which requires an act to be done at the end of that period. As courts have recognized, there is no basis to "apply a Rule 6 extension to [the] start date of the statutory limitations period." Williamson, 2019 WL 5721660, at *3 (emphasis added).

Accordingly, Plaintiffs' Complaint is untimely, as it was filed on November 22, 2019, one day past the end of the 60-day limitations period. See, e.g., Fromwiller v. Comm'r of Soc. Sec., No. 19-cv-964, 2020 WL 2768815, at *5 (W.D.N.Y. May 28, 2020) ("While the dismissal of Plaintiff's case may be harsh, given that she only missed the deadline by one day, the 60-day requirement is a statute of limitations that must be strictly construed. Therefore, courts of this Circuit have not hesitated to find that complaints that miss this deadline by a matter of days are untimely.") (quotation marks omitted); Thomas v. Comm'r of Soc. Sec., No. 16-cv-9247 (LTS) (KHP), 2017 WL 3475435, at *3 (S.D.N.Y. June 22, 2017) (finding complaint untimely when it was filed one day late), adopted by 2017 WL 3475064 (S.D.N.Y. Aug. 11, 2017); Natale v. Comm'r of Soc. Sec., No. 17-cv-908 (KHP), 2017 WL 3309734, at *2 (S.D.N.Y. Aug. 2, 2017) (same); Courtney v. Colvin, No. 13-cv-2884 (AJN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) ("as a waiver of sovereign immunity Section 405(g)'s sixty day deadline is strictly construed and courts in the Second Circuit have not hesitated to find that complaints that miss this deadline by a matter of days are untimely").

Plaintiffs do not argue that they should be entitled to equitable tolling of the statute of limitations. "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he [or she] has been pursuing his [or her] rights diligently' and that 'some extraordinary circumstance stood in his [or her] way.'" Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A party seeking to equitably toll a statute of limitations bears the burden of demonstrating his or her entitlement to such tolling. Randolph v. Comm'r of Soc. Sec., 699 F. App'x 36, 37 (2d Cir. 2017) (summary order). There are no allegations in the complaint nor any arguments in the briefing that provide the Court with any basis to infer that Plaintiffs acted with diligence or that extraordinary

circumstances prevented them from filing their Complaint on time.  Accordingly, the statute of limitations cannot be equitably tolled here.  See Davila v. Barnhart, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (refusing to equitably toll statute of limitations in Social Security appeal where attorney miscalculated the filing deadline and filed the complaint one day late, holding that "[b]ecause the 60-day limit is a waiver of sovereign immunity which must be strictly construed . . . courts have not hesitated to enforce the 60-day period as a firm limit.") (quotation marks omitted); see also, e.g., Norma S. v. Comm'r of Soc. Sec., No. 17-cv-4620 (TWT) (CMS), 2018 WL 4266523, at *2 & n.3 (N.D. Ga. Aug. 6, 2018) (dismissing complaint where the plaintiff filed her complaint one day after the expiration of the time limit and "set forth no equitable reason to toll the statute of limitations") (citing cases), adopted by 2018 WL 4255999 (N.D. Ga. Sept. 6, 2018).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss (ECF No. 20) is GRANTED, the case is dismissed with prejudice, and the Clerk of the Court is respectfully directed to enter judgment in favor of the Commissioner.

Dated: September 17, 2021
      White Plains, New York

                      **SO ORDERED**,

_____
ANDREW E. KRAUSE
United States Magistrate Judge